IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID MICHAEL ZERR, ) | |
| ) | |
| Plaintiff, ) | Case No. CV08-389-S-EJL |
| ) | |
| vs. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| TOM HANKS; SGT. D. SCHMIDT; ) | |
| SGT. BOROSO; DR. LOWRY; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court is Defendant Hengst's[1] Motion to Dismiss and/or Motion for Summary Judgment (Docket No. 24), joined by Defendants Schmidt and Boroso. Defendants argue that Plaintiff did not properly exhaust his administrative remedies. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument. D. Id. L. R. 7.1(b).

**A.    Background**

Plaintiff is in the custody of the Idaho Department of Correction (IDOC) and is currently incarcerated at Idaho Correctional Center (ICC). At the times relevant to

---

[1]Defendant Hengst is referred to in the Complaint as defendant "Hanks."

**MEMORANDUM DECISION AND ORDER - 1**

Plaintiff's Complaint, he was incarcerated at Idaho State Correctional Institution (ISCI). Plaintiff alleges that in mid-August of 2007, his right lower jaw bone was broken in an attack by another inmate. Plaintiff was taken to St. Alphonsus Regional Medical Center. Plaintiff alleges that he was bleeding and that his jaw had dropped a quarter of an inch.

Plaintiff states that X-rays performed at St. Alphonsus showed that his jaw was broken in two places. However, Defendants Schmidt and Boroso took Plaintiff back to ISCI. Plaintiff protested that he needed to have surgery at St. Alphonsus. The officers told Plaintiff that there would be a doctor to treat him back at ISCI, but Plaintiff did not see a doctor until several days later, when he was taken to see Defendant Lowry. Plaintiff alleges that he suffered through eight days of pain from a broken jaw without medical attention. Plaintiff alleges violations of the Eighth Amendment right to be free from cruel and unusual punishment and state-law negligence claims.

**B.     Exhaustion of Administrative Remedies**

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA),[2] a prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "Proper" exhaustion of administrative remedies is required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v.*

---

[2] 110 Stat. 1321-71, *as amended*, 42 U.S.C. § 1997e, *et seq*.

**MEMORANDUM DECISION AND ORDER - 2**

*Ngo*, 548 U.S. 81, 88 (2006).  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (2007).  The *Jones v. Bock* Court noted that the important policy concern behind requiring exhaustion is that it "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."  *Id*. at 204.

Where there is an "informal[]" and "relative[ly] simpl[e]" prison grievance system, prisoners must take advantage of it before filing a civil rights complaint.  *Woodford v. Ngo*, 548 U.S. at 103.  In *Woodford v. Ngo*, the prisoner had filed his grievance within six months of the incident at issue, rather than within fifteen days as required by the California Prison grievance system.  *Id*. at 86-87.  The Supreme Court rejected the Ninth Circuit's determination that the prisoner "had exhausted administrative remedies simply because no such remedies remained available to him."  *Id*. at 87.

Failure to exhaust remedies is an affirmative defense that should be brought as an unenumerated Rule 12(b) motion.  *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2002).  Therefore, the Court will consider Defendants' Motion as a motion to dismiss, rather than a motion for summary judgment.  In deciding a motion to dismiss for failure to exhaust administrative remedies, a court may look beyond the pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  Defendants bear the burden of proving failure to exhaust.  *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005).

**MEMORANDUM DECISION AND ORDER - 3**

### C.   Grievance Process of the Idaho Department of Correction

The IDOC's grievance process consists of three stages.  First, any inmate with a concern is required to seek an informal resolution by filling out an Offender Concern Form, addressed to the staff person "most directly involved" with the inmate's issue.  Affidavit of Jill Whittington (Docket No. 24-4) ("Whittington Affidavit") at ¶ 5.  If the issue cannot be resolved informally through the use of a Concern Form, the inmate must then file a Grievance Form.  *Id.* at ¶ 6.

When submitting a Grievance Form, the inmate must attach a copy of the Offender Concern Form, showing the inmate's attempt to settle the issue informally.  Only one issue may be raised in each grievance.  *Id.* at ¶ 7.  When the grievance involves a medical issue, the Grievance Form is "routed through medical staff supervised by the health services administrator, who is employed by the health care contractor."  *Id.* at ¶ 8.  The Health Services Administrator is charged with responding to the grievance.  *Id.*  If the grievance involves a non-medical issue, the reviewing authority is generally the deputy warden of the prison.  *Id.* at ¶ 7.  Prior to November 2007, a grievance had to be submitted within fifteen (15) days of the incident that the grievance is based on.  Since November 2007, the grievance must be submitted within thirty (30) days.  *Id.* at ¶ 6.

If the decision on an inmate's grievance is not satisfactory to the inmate, the inmate may appeal that decision.  In cases of medical grievances, the appellate authority is the Regional Manager or Vice President of the medical contractor.  *Id.* at ¶ 10.  Otherwise, the appellate authority is the warden.  *Id.*  Not until the completion of all three of these steps--

**MEMORANDUM DECISION AND ORDER - 4**

Concern Form, Grievance Form, and grievance appeal--is the grievance process exhausted. *Id.* at ¶ 11.

Plaintiff's injury and the initial lack of medical care occurred in mid-August of 2007. Prior to November 2007, the IDOC did not keep records of grievances submitted by inmates if those grievances were not processed for some reason. Since November 2007, all grievances are logged and recorded, even those that are not processed. *Id.* at ¶ 13. Grievances are logged into a computer database, which is searchable by an inmate's name or IDOC number, or by year. *Id.* at ¶ 12.

**D.     Plaintiff did not properly exhaust his administrative remedies.**

According to Ms. Whittington, Grievance Coordinator for ISCI, there is no record of any processed grievance submitted by Plaintiff from April 4, 2007 to the present. *Id.* at ¶ 14. Plaintiff did submit a grievance in February 2008 regarding his medical care for his jaw injury. However, this grievance was not processed because the grievance was filed after the 30-day time limit had expired. *Id.* Additionally, Plaintiff did not attach any documentation to his grievance showing his attempts to informally resolve the problem. *Id.*

There was a period of approximately three months from Plaintiff's injury until the IDOC began logging *all* grievances, processed or not, into the system. However, Plaintiff has not claimed that he filed an unprocessed grievance during that time period. Thus, the Court finds that Plaintiff did not file a grievance, processed or otherwise, on the issue of the attack or the issue of his medical care until February 2008, well past the 30-day time limit.

**MEMORANDUM DECISION AND ORDER - 5**

Defendants have met their burden of showing that Plaintiff did not exhaust his administrative remedies. He did not file a grievance until after the time limit had expired. Under the PLRA, prisoners must abide by all administrative grievance procedures in order to exhaust properly, including deadlines. *Woodford*, 548 U.S. at 88. Therefore, Plaintiff did not exhaust his administrative remedies, and the Court will dismiss the § 1983 claims without prejudice.

### E. Plaintiff's State Negligence Claims

Along with his § 1983 claims against Defendants Hengst, Schmidt, and Boroso, Plaintiff also asserts state negligence claims against Defendant Lowry, who has not been served. The Court does not have original jurisdiction over these claims. Title 28 U.S.C. § 1367 provides that a district court may exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." In other words, the supplemental jurisdiction power extends to all state and federal claims which one would ordinarily expect to be tried in one judicial proceeding. *See Penobscot Indian Nation v. Key Bank of Maine*, 112 F.3d 538, 563-64 (1st Cir.1997); *Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 190 (1st Cir.1996). However, if a plaintiff's federal claims are dismissed, the Court may decline to exercise supplemental jurisdiction over plaintiff's state claims. 28 U.S.C. § 1367(c)(3).

**MEMORANDUM DECISION AND ORDER - 6**


In this case, Plaintiff's federal claims will be dismissed. Therefore, the Court declines to exercise supplemental jurisdiction over the claim against Defendant Lowry. If Plaintiff wishes to pursue his negligence claim, he must do so in state court.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss and/or for Summary Judgment (Docket No. 24) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Amended Complaint (Docket Nos. 7 and 8) is DISMISSED without prejudice.

DATED: **July 21, 2009**

*[signature]*

~~Honor~~able Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 7**